**20SL-CC04463**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| LONNIE FITZGERALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: |
| | ) | |
| BENNETT TRUCK TRANSPORT, LLC | ) | Division: |
| **HOLD SERVICE** | ) | |
| | ) | |
| | ) | |
| and | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| KERRY JOHNSON | ) | |
| **HOLD SERVICE** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PETITION</u>

**COMES NOW** Plaintiff, Lonnie Fitzgerald by and through counsel, and for his cause of action against Defendants Bennett Truck Transport, LLC and Kerry Johnson, and states to the Court as follows:

## <u>GENERAL ALLEGATIONS</u>

1.     Plaintiff is a resident and citizen of the State of Missouri.

2.     Upon information and belief, Defendant Kerry Johnson is a resident and citizen of the State of Michigan.

3.     At all times relevant herein, Defendant Bennett Truck Transport, LLC is a Georgia corporation registered with the Missouri Secretary of State, with its principal place of business located at 1001 Industrial Parkway, PO Box 569, McDonough, Georgia 30253 and registered agent located at 221 Bolivar Street, Jefferson City, Missouri 65101.

# EXHIBIT A

Electronically Filed - St. Louis County - August 27, 2020 - 04:17 PM

4.      Venue is proper in St. Louis County insofar as the incident giving rise to this cause of action occurred in St. Louis County, Missouri.

5.      Defendant Bennett Truck Transport, LLC owned the 2019 Mack TE64 Front Loader being operated by Kerry Johnson at the time of the collision.

6.      At all times relevant to this case, Defendant Kerry Johnson was an agent and/or employee (hereinafter to refer to statutory or otherwise) of Defendant Bennett Truck Transport, LLC and was acting within the course and scope of his agency and/or employment

7.      At the time of the collision referenced in this complaint, Defendant Bennett Truck Transport, LLC was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

8.      At all times relevant, Bennett Truck Transport, LLC was operating as an interstate commercial motor carrier.

9.      At all relevant times, Bennett Truck Transport, LLC was operating as a for-hire motor carrier.

10.      At all times relevant, Bennett Truck Transport, LLC had authority to operate as a For Property carrier.

11.      At all times relevant herein and at the time of this crash, Defendant Bennett Truck Transport, LLC was a commercial motor carrier engaged in interstate commerce, transporting goods for hire throughout the United States.

12.      At all times relevant herein and at the time of this crash, Defendant Bennett Truck Transport, LLC was acting individually and through its drivers, agents, servants, joint venturers, and/or employees, each of whom were acting within the course and scope of their employment with Defendant Bennett Truck Transport, LLC.


**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

13.     At all times relevant herein and at the time of this crash, Defendant Kerry Johnson was operating a tractor-trailer in the course and scope of his employment and agency with Defendant Bennett Truck Transport, LLC

14.     Defendant Bennett Truck Transport, LLC is liable for all acts and omissions of Defendant Kerry Johnson while he/it was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

15.     Defendant Bennett Truck Transport, LLC, and its agents, servants, employees, and drivers, including Defendant Kerry Johnson, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

16.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer."  49 C.F.R. §390.5.

17.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).  49 C.F.R. §390.5.

18.     At all times relevant to this case, Defendant Kerry Johnson was a driver of the Mack Front Loader and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

19.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

20.     At all times relevant to this case, the Mack Front Loader driven by Defendant Kerry Johnson was a tractor and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

21.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it.  49 C.F.R. §390.5.

22.     At all times relevant to this case, Defendant Bennett Truck Transport, LLC was an "employer," as defined by the Motor Carrier Safety Regulations.

23.     At the time of this incident and at all times herein mentioned, Defendant Kerry Johnson was operating the Freightliner as a driver for Defendant Bennett Truck Transport, LLC.

24.     On or about July 10, 2019, at approximately 10:24 a.m., Plaintiff Lonnie Fitzgerald was operating a 1996 Ford F-150 eastbound on Interstate 64/40 in St. Louis County, Missouri.

25.     At that time and place, Plaintiff was traveling eastbound when Defendant Kerry Johnson violently crashed into the rear of the vehicle being driven by Plaintiff Lonnie Fitzgerald.

26.     Plaintiff suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this incident.

27.     At the time of the crash, the truck operated by Defendant Kerry Johnson bore the name of Defendant Bennett Truck Transport, LLC as well as its DOT number and/or MC (operating authority) number.

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

28.      The negligence of Defendants Bennett Truck Transport, LLC and Kerry Johnson, directly and proximately, caused or contributed to cause injuries to Plaintiff Lonnie Fitzgerald, as described in greater detail herein.

29.      As a direct and proximate result of this crash and the direct and proximate result of the negligence of Bennett Truck Transport, LLC, and its agents, servants, and employees, including Kerry Johnson, Plaintiff injured his neck and back.

30.      As a direct and proximate result of this crash and the direct and proximate result of the negligence of Bennett Truck Transport, LLC, and its agents, servants, and employees, including Kerry Johnson, Plaintiff has suffered pain and suffering and will continue to suffer.

31.      As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Bennett Truck Transport, LLC and its agents, servants, and employees, including Kerry Johnson, Plaintiff Lonnie Fitzgerald has incurred medical bills in excess of $5,000.00 and will continue to incur medical expenses related to the treatment of injuries sustained in the crash including a surgery.

## COUNT I
## NEGLIGENCE OF DEFENDANT KERRY JOHNSON

**COMES NOW** Plaintiff Lonnie Fitzgerald, (hereinafter "Plaintiff") and fully incorporate and re-allege each and every paragraph set forth above as if they were set forth herein and further states:

32.      At the time of this crash, Defendant Kerry Johnson negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

a)      Failing to keep a proper lookout;

b)      Driving too fast for conditions;

c)      Failing to take proper remedial action which could have

## EXHIBIT A

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

avoided this collision or minimized the impact;

d)   Failing to reduce speed to avoid a collision;

e)   Operating the tractor-trailer without adequate training and experience;

f)   Operating the tractor-trailer when not properly qualified to do so;

g)   Driving while tired and/or fatigued;

h)   Driving while under the unsafe side-effects of prescription medication;

i)   Failing to stop his tractor-trailer, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with Plaintiff's vehicle, when he could and should have done so in the exercise of the highest degree of reasonable care.

33.   At least one of the negligent acts or omissions by Defendant Kerry Johnson, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiff.

34.   As a direct and proximate result of the negligence of Defendant Kerry Johnson, Plaintiff was seriously injured as described herein and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

35.   Defendant Kerry Johnson knew or should have known that his conduct as described herein created a high degree of probability of injury.

36.   Defendant Kerry Johnson was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

37.   The operation of the tractor-trailer by Defendant Kerry Johnson and the manner in

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

38.     The conduct of Defendant Kerry Johnson as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Complaint, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

**WHEREFORE** Plaintiff pray for judgment against Defendant Kerry Johnson in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II
## STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT BENNETT TRUCK TRANSPORT, LLC

**COMES NOW** Plaintiff and fully incorporates, and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

39.     Based upon all aforementioned allegations, Defendant Bennett Truck Transport, LLC is vicariously liable for the negligence of Defendant Kerry Johnson based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiff prays for judgment against Defendant Bennett Truck Transport, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of

## EXHIBIT A

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT III
## VICARIOUS LIABILITY AGAINST DEFENDANT BENNETT TRUCK TRANSPORT, LLC

**COMES NOW** Plaintiff and fully incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

40.     At all times relevant, Defendant Kerry Johnson was acting in the course and scope of his agency and/or employment with Defendant Bennett Truck Transport, LLC.

41.     Based upon the prior allegations, Defendant Bennett Truck Transport, LLC is vicariously liable for the negligence of Defendant Kerry Johnson based upon the doctrines of agency and respondent superior.

**WHEREFORE** Plaintiff prays for judgment against Defendant Bennett Truck Transport, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT IV
## INDEPENDENT NEGLIGENCE AGAINST DEFENDANT BENNETT TRUCK TRANSPORT, LLC

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set

## EXHIBIT A

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

forth above as if they were set forth herein and further states:

42.    At all times relevant, Defendant Bennett Truck Transport, LLC was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

43.    Throughout its existence, Defendant Bennett Truck Transport, LLC has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

44.    As an interstate motor carrier, Defendant Bennett Truck Transport, LLC has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

45.    The various safety regulations included within Parts 390 – 397, of which Defendant Bennett Truck Transport, LLC had a duty to follow, include, but are not limited to, the following:

a.    Defendant Bennett Truck Transport, LLC had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

b.    Defendant Bennett Truck Transport, LLC had a duty to not require or permit a driver, including Defendant Kerry Johnson, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

c.    Defendant Bennett Truck Transport, LLC had a duty to not allow or permit a driver, including Defendant Kerry Johnson, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

C.F.R. §391.11.;

d.  Defendant Bennett Truck Transport, LLC had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

e.  Defendant Bennett Truck Transport, LLC had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant Bennett Truck Transport, LLC an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.  Defendant Bennett Truck Transport, LLC had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.  Defendant Bennett Truck Transport, LLC had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant Kerry Johnson, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.  Defendant Bennett Truck Transport, LLC had an independent duty require each of its drivers, including Defendant Kerry Johnson, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.  Defendant Bennett Truck Transport, LLC had an independent duty to prohibit its employees, including Defendant Kerry Johnson, from driving until the driver had

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.  Defendant Bennett Truck Transport, LLC had an independent duty to ensure that its drivers, including Defendant Kerry Johnson, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.  Defendant Bennett Truck Transport, LLC had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Kerry Johnson on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash.  40 C.F.R. §396.3.

46.  That Defendant Bennett Truck Transport, LLC had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

47.  That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

48.  That, at all times prior to the aforementioned collision, Defendant Bennett Truck Transport, LLC failed to have in place an adequate safety program.

49.  As a result of its inadequate and/or inexistent safety program, Defendant Bennett Truck Transport, LLC violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

collision involving Plaintiff.

50.     As a result of its inadequate and/or inexistent safety program, Defendant Bennett Truck Transport, LLC allowed its drivers, including Defendant Kerry Johnson, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

51.     That Defendant Bennett Truck Transport, LLC's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff.

52.     Defendant Bennett Truck Transport, LLC was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

53.     Defendant Bennett Truck Transport, LLC was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Kerry Johnson, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

54.     As a direct and proximate result of the independent negligence of Defendant Bennett Truck Transport, LLC, Plaintiff was injured and sustained damages and will continue to be damaged in the manners previously described in this Complaint.

55.     Defendant Bennett Truck Transport, LLC knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiff.

56.     The conduct of Defendant Bennett Truck Transport, LLC as described herein, specifically including violations of Illinois state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

57.      Because of Defendant Bennett Truck Transport, LLC's willful, wanton, and reckless behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant Bennett Truck Transport, LLC and to deter others from similar conduct.

58.      Defendant Bennett Truck Transport, LLC's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiff described herein.

**WHEREFORE** Plaintiff prays for judgment against Defendant Bennett Truck Transport, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V

## DIRECT NEGLIGENCE AGAINST DEFENDANT BENNETT TRUCK TRANSPORT, LLC BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

59.      At all times prior to the aforementioned collision, Defendant Bennett Truck Transport, LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

60.      Such duties include, but are not limited to:

## EXHIBIT A

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

a)      To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)      To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)      To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)      To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)      To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)      Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)      Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

61.     Defendant Bennett Truck Transport, LLC had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

62.     Defendant Kerry Johnson was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

physical medical condition.

63.    That, because of Defendant Kerry Johnson's aforementioned inadequacies, Defendant Bennett Truck Transport, LLC should not have hired him to operate a commercial motor vehicle.

64.    That Defendant Bennett Truck Transport, LLC knew, or through the exercise of ordinary care should have known that Defendant Kerry Johnson was unqualified to safely operate a commercial motor vehicle.

65.    That by failing to properly and adequately screen and investigate its drivers, including Defendant Kerry Johnson, before and during employment, Defendant Bennett Truck Transport, LLC violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

66.    Had Defendant Bennett Truck Transport, LLC obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Kerry Johnson was unqualified to safely operate a commercial motor vehicle.

67.    Defendant Kerry Johnson's negligent actions on the day of the collision with Plaintiff was consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

68.    Defendant Bennett Truck Transport, LLC's actions and omissions in hiring Defendant Kerry Johnson, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiff resulting from the aforementioned motor vehicle collision.

69.    Defendant Bennett Truck Transport, LLC' actions and omissions in hiring Defendant Kerry Johnson, including their violations of the Federal Motor Carrier Safety

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

70.     Defendant Bennett Truck Transport, LLC's willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and aggravated (punitive) damages are appropriate in this action in order to punish Defendant Bennett Truck Transport, LLC and to deter others from similar conduct.

**WHEREFORE** Plaintiff prays for judgment against Defendant Bennett Truck Transport, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT VI**</u>

<u>**DIRECT NEGLIGENCE AGAINST DEFENDANT BENNETT TRUCK TRANSPORT, LLC**</u>

<u>**BASED UPON NEGLIGENT TRAINING**</u>

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

71.     Defendant Bennett Truck Transport, LLC owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Kerry Johnson, on the safe operation of a tractor-trailer.

72.     Defendant Bennett Truck Transport, LLC failed to properly instruct Defendant Kerry Johnson on the safe operation of a tractor-trailer.

73.     Defendant Bennett Truck Transport, LLC owed the general public, including

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

Plaintiff, a duty to properly train its drivers, including Defendant Kerry Johnson, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

74.     At all times prior to the aforementioned collision, Defendant Bennett Truck Transport, LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

75.     Such duties include, but are not limited to:

a)     To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

b)     To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503;

c)     To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

76.     Defendant Bennett Truck Transport, LLC had a duty to properly instruct its drivers, including Defendant Kerry Johnson on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

77.     Defendant Bennett Truck Transport, LLC failed to properly instruct Defendant Kerry Johnson on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

78.     Defendant Bennett Truck Transport, LLC owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Defendant Kerry Johnson.

## EXHIBIT A

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

79.     Defendant Bennett Truck Transport, LLC failed to provide adequate continuing safety courses to Defendant Kerry Johnson.

80.     Defendant Bennett Truck Transport, LLC had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

81.     Defendant Bennett Truck Transport, LLC breached its duty to the general public, including the Plaintiff, by its failing to properly train Defendant Kerry Johnson, Defendant Bennett Truck Transport, LLC's tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

82.     Based on Defendant Kerry Johnson's driving history, inadequate experience, and training, Defendant Bennett Truck Transport, LLC knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

83.     That Defendant Bennett Truck Transport, LLC was negligent in failing to properly train its drivers, including Defendant Kerry Johnson, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

84.     That Defendant Bennett Truck Transport, LLC was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

85.     That Defendant Kerry Johnson's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant Bennett Truck Transport, LLC failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

# EXHIBIT A

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

86.     These actions and omissions of Defendant Bennett Truck Transport, LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

87.     Defendant Bennett Truck Transport, LLC's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

88.     Plaintiff's injuries were directly and proximately caused by Defendant Bennett Truck Transport, LLC's breach of and failure to comply with its duty to properly train Defendant Kerry Johnson, its tractor-trailer driver.

**WHEREFORE** Plaintiff prays for judgment against Defendant Bennett Truck Transport, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT VIII**</u>
<u>**DIRECT NEGLIGENCE AGAINST DEFENDANT BENNETT TRUCK TRANSPORT, LLC**</u>

<u>**BASED UPON NEGLIGENT SUPERVISION**</u>

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated in this count and further states:

89.     Defendant Bennett Truck Transport, LLC owed the general public, including

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

90.     Defendant Bennett Truck Transport, LLC had a duty to not require or permit a driver, including Defendant Kerry Johnson, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

91.     Defendant Bennett Truck Transport, LLC had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving.  49 C.F.R. §391.25.

92.     Defendant Bennett Truck Transport, LLC had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

93.     Defendant Bennett Truck Transport, LLC had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

94.     Defendant Bennett Truck Transport, LLC had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

95.     Defendant Bennett Truck Transport, LLC had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

96.     Defendant Bennett Truck Transport, LLC had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

**EXHIBIT A**

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

97.     Defendant Bennett Truck Transport, LLC had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

98.     Defendant Bennett Truck Transport, LLC breached its above listing duties to the general public, including the Plaintiff, by its failing to properly supervise Defendant Kerry Johnson, Defendant Bennett Truck Transport, LLC's tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

99.     Based on Defendant Kerry Johnson's driving history, lack of supervision and continued retention by his employer, Defendant Bennett Truck Transport, LLC knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

100.    These actions and omissions of Defendant Bennett Truck Transport, LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

101.    Defendant Bennett Truck Transport, LLC's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

102.    Plaintiff's injuries were directly and proximately caused by Defendant Bennett Truck Transport, LLC's breach of and failure to comply with its duty to properly train Defendant Kerry Johnson, its tractor-trailer driver.

# EXHIBIT A

Electronically Filed - St Louis County - August 27, 2020 - 04:17 PM

**WHEREFORE** Plaintiff prays for judgment against Defendant Bennett Truck Transport, LLC in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

/s/ Deme Sotiriou

_____
  Deme Sotiriou, MO #56611
  Joshua Myers, MO #56541
  999 Executive Parkway Drive
  Suite 205
  St. Louis, Missouri 63141
  Telephone:  314-444-4444
  Facsimile:  314-720-0744
  E-mail: deme@schultzmyers.com

# EXHIBIT A